UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-22085-CIV-SINGHAL

REIBEL CASTILLO,

     Petitioner,

v.

Warden, KROME NORTH SERVICE
PROCESSING CENTER,

     Respondent.

_____/

## ORDER

Petitioner Reibel Castillo is a Cuban citizen who entered the United States and was given Lawful Permanent Resident status in 1997.  (DE [8-2]).  In 2010, Petitioner was convicted of two counts of obstruction of justice in violation of Florida Statute § 914.22(1) and sentenced to 37 months imprisonment.  (DE [8-2]).  On February 22, 2025, while Petitioner was in confinement for a drug possession conviction, Immigration and Customs Enforcement ("ICE") officials encountered him and issued him a notice to appear.  (DE [8-2]; [8-3]).  Petitioner filed the present Petition for Writ of Habeas Corpus (DE [1]), and the government responded (DE [8]).  Because Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c) and his detention does not violate due process, the Petition (DE [1]) is denied.

I.     LEGAL STANDARD

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner

1

who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

    II.      <u>DISCUSSION</u>

Petitioner is being lawfully detained pursuant to 8 U.S.C. § 1226(c).  Section 1226(c)(1)(B) requires that aliens be detained if they are deportable under 8 U.S.C. § 1227(a)(2)(A)(iii).  Section 1227(a)(2)(A)(iii) states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  *See, e.g., Demore v. Kim*, 538 U.S. 510, 517-18 (2003) ("Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony.").  An aggravated felony is defined as including "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year."  8 U.S.C. § 1101(a)(43)(S).

Here, Petitioner was convicted of tampering with a witness under Florida Statute § 914.22(1) and sentenced to 37 months imprisonment.  This is "an offense relating to obstruction of justice" under 8 U.S.C. § 1101(a)(43)(S).  "[O]bstruction of justice covers 'the crime or act of willfully interfering with the process of justice and law,' including 'by influencing, threatening, harming, or impeding a witness . . . .'" *Pugin v. Garland*, 599 U.S. 600, 604 (2023) (quoting Merriam-Webster's Dictionary of Law 337 (1996)).  Since Petitioner tampered with a witness—an offense relating to obstruction of justice—and was sentenced to more than one year imprisonment, Petitioner committed an aggravated felony and is deportable under § 1227(a)(2)(A)(iii).  Since he is a deportable alien under § 1227, the government is prohibited from releasing Petitioner.  8 U.S.C. § 1226(c)(1) ("The Attorney General shall take into custody any alien who . . . is deportable by reason

of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) . . . ."); *Demore*, 538 U.S. at 517-18.  Petitioner is not entitled to release or a bond hearing.

Petitioner argues that his detention violates due process.  But the "[Supreme] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523.  In *Demore*, the Supreme Court determined that six-months' detention under § 1226(c) was not a violation of due process.  *Id.* at 530-31.  Petitioner has been detained for less than two months.  His detention is constitutional.

III.     CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's detention is lawful under 8 U.S.C. § 1225(c)(1) and does not violate due process.  Petitioner is not entitled to release or a bond hearing.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of April 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF and via U.S. Mail to:

Reibel Castillo
A# 074-059-917
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

3